UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRENDA LEE HANIF,<br><br>                  Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>                  Defendant. | Case No. C11-513-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Brenda Lee Hanif seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She contends the ALJ improperly (1) evaluated the opinions of the examining physicians and reviewing physician, (2) assessed Ms. Hanif's residual functional assessment, and (3) discounted Ms. Hanif's testimony and the statements of Doris Stelly, a lay witness. Ms. Hanif also contends the vocational expert identified jobs she could not perform. Dkt. 20 at 18-22. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings

**BACKGROUND**

Brenda Hanif is currently 53 years old, has completed the 9th grade, and has worked as

REPORT AND RECOMMENDATION - 1

an assembly line laborer and temporary worker.[1]  Ms. Hanif also has a 25-year history of substance abuse including hospitalizations due to over-dosing.  Tr. 26-28, 252.  On September 20, 2007, she applied for benefits, alleging disability as of March 31, 2005.  Tr. 94.  Her application was denied initially and on reconsideration.[2]  After conducting a hearing on January 22, 2010, the ALJ found Ms. Hanif not disabled.  Tr. 17-37.  As the Appeals Council denied Ms. Hanif's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 2-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ made the following findings:

**Step one:** Ms. Hanif had not worked since March 31, 2005.

**Step two:** Ms. Hanif had the following severe impairments: major depressive disorder, post-traumatic stress disorder, polysubstance abuse, and right knee chondromalacia.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity:** Ms. Hanif could perform medium work, except she could not climb ladders, ropes and scaffolds, and could only occasionally climb stairs and ramps.  Ms. Hanif is further limited to occasional balancing, stooping, kneeling, crawling and crouching.  Ms. Hanif also has the following non-exertional limitations: she can understand, remember and carrying out short, simple instructions with routine, repetitive, predictable tasks; she can have only occasional contact with the general public and co-workers.

**Step four:** Ms. Hanif could not perform her past work.

**Step five:** As there are jobs Ms. Hanif could perform, she is not disabled.

Tr. 17-32.

---

[1] Tr. 48, 151, 181.
[2] Tr. 94-98, 102-05.
[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

**DISCUSSION**

Ms. Hanif contends the ALJ incorrectly evaluated the medical evidence, her testimony, the lay testimony, her residual functional capacity, and, at step-five, the jobs she could perform. The Court does not discuss these contentions because as detailed below, the ALJ's decision suffers from a more serious and fundamental flaw requiring remand for further proceedings: the failure to properly analyze Ms. Hanif's substance abuse.

The Court may set aside the Commissioner's denial of disability benefits where the ALJ committed legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Where there is significant evidence of alcohol and drug use in the record, as is the case here, an ALJ must conduct a specific substance abuse analysis and determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935; 42 U.S.C. § 423(d)(2)(C).

The Ninth Circuit has established a specific procedure that must be applied in analyzing substance abuse in a disability determination. *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). In Bustamante, the ALJ found Bustamante's limitations were a result of alcohol abuse, that alcohol abuse was his primary impairment, and that it did "not reach a disabling level of severity." *Id.* at 952. The Court of Appeals reversed, holding "[t]he ALJ should have proceeded with the five-step inquiry without attempting to determine the impact of Bustamante's alcoholism on his other mental impairments. If, and only if, the ALJ found Bustamante was disabled under the five-step inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped using alcohol." *Id.* at 955. The Court of Appeals remanded, "with instructions that the ALJ proceed with step three (and four and five, if necessary) of the disability determination without attempting to separate out the impact of Bustamante's alcohol abuse." *Id*.

at 956. The Court instructed the ALJ to consider whether "alcohol is a contributing factor material to" disability only if the ALJ found Bustamante disabled. *Id.*

Thus, where an ALJ must consider substance abuse during the five-step sequential evaluation, the Commissioner's regulations and the law of this Circuit require the ALJ to apply a specific two-step analysis. The ALJ here failed to do so. The ALJ found at step-two polysubstance abuse was a severe impairment. Tr. 22. This finding is amply supported; the record indisputably shows Ms. Hanif regularly and heavily abused drugs and alcohol, required and received inpatient care for substance abuse, was hospitalized for over-dosing on drugs, and that her drug use severely impaired her. As Ms. Hanif's substance abuse was front and center, the ALJ was unquestionably required to conduct the five-step inquiry without first determining the impact of substance abuse.

Instead, the ALJ stepped off the path and first found the "drug and alcohol analysis is not needed" because "the undersigned does not find the claimant disabled due to substance abuse." Tr. 27. Thus, rather than conducting the five-step inquiry without determining the impact of substance abuse, the ALJ did the opposite and began the five-step inquiry by determining the impact of substance abuse, i.e., that it was not disabling.

Second, after finding Ms. Hanif's substance abuse not disabling, the ALJ then turned around and rejected the opinions of examining doctors Robert Parker, Ph.D., and Charles Quinci, Ph.D., in part because Ms. Hanif's substance abuse "has been a major contributor to her exacerbated symptoms." Tr. 29. Doctors Parker and Quinci examined Ms. Hanif in August 2007 and June 2009 respectively. Tr. 325, 651. The "exacerbated symptoms" the ALJ rejected included Dr. Parker's opinions that Ms. Hanif was severely impaired in depressed mood, verbal expressions of anxiety or fear, and global illness; markedly impaired in social withdrawal and

REPORT AND RECOMMENDATION - 4

moderately impaired in cognitive and social areas (Tr. 326-28); and also included Dr. Quinci's opinions that Ms. Hanif was markedly impaired in verbal expressions of anxiety or fear, and moderately impaired in depressed mood and global illness. Tr. 651-53. In short, by tying these exacerbated symptoms to substance abuse, the ALJ found substance abuse was disabling despite finding earlier that it was not.

Third, the ALJ also relied on substance abuse to reject the opinions of examining doctor Anna Borisovskaya, M.D., who diagnosed Ms. Hanif with major depressive disorder, severe, post-traumatic stress disorder, and cannabis and cocaine dependence. Tr. 338. The doctor opined Ms. Hanif could not manage her funds, could not accept instructions or interact with co-workers or the public, could not perform work activities on a consistent basis, or complete a normal workday without interruptions from her psychiatric condition, and could not deal with the stress of a workplace. Tr. 339. The ALJ rejected these opinions as a "small snapshot" of Ms. Hanif's functioning that was consistent with non-compliance with medications and treatment. Tr. 27. In rejecting the doctor's opinions, the ALJ acknowledged when Ms. Hanif abused substances, and was thus not taking her medications, her symptoms were severe enough to render her disabled. Tr. 28. But the ALJ found when Ms. Hanif stopped abusing substances, and began taking her medications, her functionality improved and she was not disabled. Tr. 26.

And fourth, the ALJ found Ms. Hanif's pattern of using drugs and not complying with treatment were grounds to deny disability and discount her credibility. Tr. 29-30.

In sum, although substance abuse was a major consideration in the ALJ's disability determination, the ALJ erred by failed to apply the Commissioner's regulations and the law of this Circuit requiring the ALJ to apply a specific two-step analysis. This error compels remand without further discussion of the issues Ms. Hanif raised. Remand is compelled first because on

review, this Court cannot, in the first instance, apply the five-step disability inquiry, including the two-step substance abuse analysis. In other words, this Court cannot serve as the ALJ and evaluate Ms. Hanif's disability claim. That is reserved to the Commissioner and was something the ALJ should have properly performed below. Second, this Court need not address Ms. Hanif's claimed errors because, as noted above, they occurred in the context of a disability determination that was rendered outside the appropriate disability procedures and inquiry.

The Court realizes the ALJ's failure to apply the two-step analysis is an error that was not raised by the parties. Normally, a Court need not address errors not raised. However, as the ALJ's failure to apply the two-step analysis is akin to structural error[5] and central to the integrity of the disability determination process, it cannot be overlooked and is an appropriate basis to remand the matter for further proceedings.

**CONCLUSION**

For the foregoing reasons, the Court recommends the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings. On remand, the ALJ should proceed with step three, and four and five as necessary of the five-step disability determination without attempting to separate out the impact of Ms. Hanif's drug and alcohol abuse. Only if the ALJ determines Ms. Hanif is disabled under the five-step inquiry, should the ALJ should consider whether her substance abuse is a contributing factor material to that determination.

Objections, if any to this Report and Recommendation must be filed and served no later

---

[5] Structural errors are defects affecting the framework within which an adjudication proceeds, rather than an error that occurred in an otherwise proper proceeding. *See Neder v. United States*, 527 U.S. 1, 8 (1999). While structural errors have typically been analyzed in the context of criminal matters, the Ninth Circuit has stated "[w]e do not hold that an error in a civil context can never be structural." *Al Haeamain Islamic Foundation, Inc. v. U.S. Dept. of Treasury*, No. 10-35031, 2011 WL 4424934 at *18 ( 9th Cir. Sept. 23, 2011).

than **December 2, 2011.** If no objections are filed, the matter will be ready for the Court's consideration on that date. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Responses to objections must be filed no later than 14 days after being served with objections. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 18th day of November, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge