UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA LEE HANIF,

     Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

Case No. C11-513-RSL

**REPORT AND RECOMMENDATION**

Brenda Hanif brought an action for review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications. She contended the ALJ improperly (1) evaluated the opinions of the examining and reviewing doctors, (2) assessed Ms. Hanif's residual functional assessment, and (3) discounted Ms. Hanif's testimony and the statements of a lay witness. She also contended the vocational expert identified jobs she could not perform. Dkt. 20 at 18-22. The Court recommended the case be reversed and remanded for further proceedings based on grounds not raised by Ms. Haniff. Dkt. 26. Without objection, the Honorable Robert S. Lasnik adopted the recommendation, reversed and remanded the matter for further administrative proceedings and entered judgment in favor of Ms. Hanif. Dkt. 27, 28.

Ms. Hanif now moves for $7,252.20 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 29. The Commissioner contends the fee request is

REPORT AND RECOMMENDATION - 1

unreasonable, should be reduced by 35.4 hours, and that the Court should award attorney fees of $897.55. Dkt. 32. After reviewing the parties' pleadings and the record, the Court recommends Ms. Hanif be awarded $5,500.00 in attorney fees, $21.36 in expenses and $21.80 in costs.

## DISCUSSION

The EAJA provides that a court shall award to a prevailing party attorney fees and other expenses incurred in civil actions brought against the United States, unless the United States's position was substantially justified, or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Ms. Hanif contends that as she is the prevailing party and as the Commissioner's position in this matter was unjustified, the Court should award attorney fees of $7,252.20 based on 35.4 hours of attorney time spent by Jeffrey H. Baird, and 5 hours of attorney time spent by Elie Halpern at an hourly rate of $179.51. Dkt. 29-30. She also seeks $21.36 in expenses and $21.80 in costs. *Id*. The Commissioner does not contest Ms. Hanif is entitled to EAJA fees; in other words, the Commissioner agrees Ms. Hanif is a prevailing party and that the government's position was not substantially justified. However, the Commissioner argues because the Court granted Ms. Hanif relief on grounds that she did not raise or brief, "it is unreasonable for counsel to receive fees for time spent briefing issues that were not necessary in the resolution of the matter." Dkt. 32 at 3.

To determine what constitutes a reasonable fee, a court should consider a number of factors. As a starting point, a court considers "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Commissioner does not contend Ms. Hanif's declaration and time itemizations[1] are insufficient evidence of the number of hours and billing rates claimed, or that the hourly rate is

---
[1] *See* Dkt. 29, attachments 2-5.

REPORT AND RECOMMENDATION - 2

improper.  The Court thus accepts attorney Baird worked 35.4 hours and attorney Halpern worked 5.0 hours at the rate of $179.51 on this matter.  However, multiplying the number of hours counsel worked by a reasonable rate does not end the inquiry.  *Hensley*, 461 U.S. at 433.  A court also must also consider the results obtained, i.e., did the prevailing party "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

Where a plaintiff has obtained excellent results, her counsel should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation.  Where a plaintiff obtained complete relief, the fee award should not be reduced on the grounds plaintiff pursued "certain issues of fact and law that ultimately did not became litigated issues in the case or upon which plaintiff[ ] did not prevail." *Id.*  (citing *Davis v. County of Los Angeles*, 8 F.P.D. 9444, 5049 (C.D. Cal. 1974)).

However, if a plaintiff achieved only partial or limited success, simply multiplying the numbers of hours worked by a reasonable rate may result in an excessive fee award.  *Id.* at 436.  In some cases, a prevailing party may succeed on only a few claims and yet achieve significant though not complete success.  In other cases, a prevailing party may prevail on only a few claims and achieve very limited success.  Hence simply saying a plaintiff is "a prevailing party therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.*  Thus, where a plaintiff achieves partial success, the Court should focus on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation. *Id*. at 435.

In this case, Ms. Hanif failed to achieve the relief she requested.  In both her opening and reply briefs, she requested the Court "enter judgment reversing the ALJ's decision and

remanding for an outright payment of benefits." Dkt. 20 at 23; Dkt. 25 at 8. The Court did not grant the relief requested and instead remanded the matter for further administrative proceedings. Dkt. 27, 28. In short, Ms. Hanif achieved partial or limited success rather than excellent success or complete relief. As Ms. Hanif achieved partial success, the Court focuses on the relationship between the amount of time counsel expended and the success achieved.

The Commissioner argues there is no relationship between the time Ms. Hanif's lawyers expended and the success achieved because counsel briefed issues that were unnecessary to the resolution of the matter. On this ground, the Commissioner urges the Court to drastically reduce the fee application from $7,252.20 to $897.55. This is an overly simplistic approach. First, the Commissioner's argument would make sense if Ms. Hanif's lawyers had raised and briefed frivolous grounds for relief. But the Commissioner has not raised this argument and nothing in the record shows this to be the case.

Second, Ms. Hanif should not be denied attorney fees where she raised meritorious claims that the Court did not address and did not rely on in remanding the matter. Certainly, counsel should have identified the error the Court identified, and also raised it as grounds supporting relief. But the fact that counsel overlooked this error does not mean counsel should essentially be denied attorney fees.

Third, there is no precise formula for making fee determinations and in this particular case no precise way of assessing the exact success Ms. Hanif achieved. Ms. Hanif did not achieve the relief requested but that does not necessarily mean her success was paltry. There is simply no mathematical formula for making such a determination and the Court must thus exercise its discretion. *Hensley*, 461 U.S. at 436-37. Here, the Court did not, and could not, reach the merits of Ms. Hanif's claims that based on the opinions of Dr. Parker, Dr.

Borisovskaya and Dr. Quinci, and Ms. Hanif's testimony she is disabled and should be awarded benefits. *See* Dkt. 20 at 23. It is thus difficult to gauge whether Ms. Hanif will achieve complete success—an award of benefits. At a minimum, however, Ms. Hanif's action achieved some success because it has provided her the opportunity to obtain the relief she contended she was entitled to as a matter of law.

Based on these considerations, the Commissioner's request to reduce the fee award by 88% from $7,252.20 to $897.55 is unjustified. That the Commissioner's request is unjustified does not mean Ms. Hanif's fee request is reasonable. After all, she did not obtain the relief requested and whether she will or will not be found disabled is up in the air. Additionally, the claims she raised were straightforward and not complex, and do not justify a fee request that falls in the higher range of all requests typically submitted to this Court for this type of action. Further, rather than focusing on applying relevant and controlling legal authority to the facts germane to each disputed issue, as the Court ordered in its scheduling order (Dkt. 15), the first ten pages of Ms. Hanif's opening brief were spent on procedural history, facts, standards of review and the ALJ's findings. Dkt. 20 at 1-10.

In light of all of the circumstances of this case, attorney fees of $5,500.00 would appropriately reflect the partial success Ms. Hanif achieved and the hours reasonably expended to achieve this result.

**CONCLUSION**

For the foregoing reasons, the Court recommends Ms. Hanif be awarded attorney fees of $5,500, $21.36 in expenses, and $21.80 in costs. A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **February 28, 2012.** If no objections are filed, the matter will be ready for

REPORT AND RECOMMENDATION - 5

the Court's consideration on **March 2, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 14th day of February, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge